UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 23-7352 CBM (PVC) | Date:  October 4, 2023 |
| Title | Heralal Alexander Nandlal v. The State of California, et al. | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:** **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE AND BECAUSE IT IS COMPLETELY UNEXHAUSTED**

On September 5, 2023, Petitioner, a pretrial detainee housed at Metropolitan State Hospital, proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1).  The Petition is a lengthy unintelligible diatribe on a number of subjects but appears to request that Petitioner be declared mentally competent to stand trial and be released from the Metropolitan State Hospital psychiatric ward.  (*See generally id.*).

To begin with, the Court lacks jurisdiction under § 2254.  Federal habeas relief under that provision is available only when a petitioner is being held "pursuant to the judgment of a State Court."  28 U.S.C. § 2254(a).  Because Petitioner has not been convicted, there is no state court judgment over which the Court would have authority to grant relief under § 2254 even if it were so inclined.  *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).  Although leave to amend the petition by refiling under 28 U.S.C. § 2241 instead of § 2254 could cure this jurisdictional defect, *see Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004), such amendment would be futile because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-7352 CBM (PVC)                                    Date:  October 4, 2023

Title      Heralal Alexander Nandlal v. The State of California, et al.

it appears that Petitioner's claims are subject to dismissal without prejudice pursuant to the *Younger* abstention doctrine and because the claims are completely unexhausted.

### The *Younger* Abstention Doctrine

As a general proposition, federal courts must abstain from enjoining a state prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *accord Sprint Commc'n., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). This concept is referred to as the doctrine of abstention or the *Younger* doctrine. Although "application of *Younger* does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance" while state proceedings are pending, "the federal courts have bound themselves pursuant to principles of comity to voluntarily *decline to exercise* jurisdiction that they have and would otherwise exercise." *Canatella v. State of California*, 404 F.3d 1106, 1116 (9th Cir. 2005).

*Younger* abstention in favor of a state proceeding is appropriate if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331–32 (9th Cir. 1992). However, federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment, or that some other "extraordinary circumstances" exist, such as where proceedings are being conducted pursuant to a "flagrantly" unconstitutional statute. *Younger*, 401 U.S. at 49, 53–54. When a federal court determines that the *Younger* doctrine applies, it must dismiss the pending action without prejudice. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) ("Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-7352 CBM (PVC)                                    Date:  October 4, 2023

Title      Heralal Alexander Nandlal v. The State of California, et al.

Courts in this Circuit have routinely found that the *Younger* abstention is applicable where the petitioner has been found mentally incompetent to stand trial and committed to a state hospital.  *See Martin v. Rains*, No. 5:20 CV 0883, 2020 WL 2395212, at *2 (C.D. Cal. May 11, 2020) (collecting cases).  For example, in *Bark v. Patton State Hospital*, the court found that where the petitioner's criminal case has been paused while the petitioner remains committed in the state hospital, "all the criteria for *Younger* abstention are met.  …  In other words, petitioner's state criminal proceedings are ongoing given that there is not yet any final judgment, and the prosecution of his case will resume if competency is restored."  No. EDCV 18-2419, 2019 WL 5580972, at *8 (C.D. Cal. Sept. 24, 2019), *report and recommendation adopted*, No. EDCV 18-2419, 2019 WL 5579536 (C.D. Cal. Oct. 29, 2019).

Courts in this Circuit also routinely find that excessive bail claims are subject to *Younger* abstention.  For example, in *Robinson v. Sniff*, 2009 WL 1037716 (C.D. Cal. Apr. 17, 2009), the court dismissed Petitioner's habeas petition raising an excessive bail claim upon finding that "all the prerequisites to the application of abstention under *Younger* have been met."  *Id.* at *1.  The court explained:

> First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication.  Second, the State undeniably has an important interest in protecting the public by the filing and prosecuting of criminal proceedings.  Third, the state court criminal proceedings afford an opportunity for petitioner, who is the defendant, to raise constitutional claims regarding the lack of probable cause, excessive bail[,] and lack of discovery, such as petitioner raises herein. Finally, the remedy the petitioner seeks, the issuance of a writ of habeas corpus, would clearly interfere with the ongoing state criminal proceeding, and petitioner has not identified any "extraordinary circumstances" warranting an exception to the *Younger* doctrine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-7352 CBM (PVC)                               Date:  October 4, 2023

Title         Heralal Alexander Nandlal v. The State of California, et al.

*Id.* (citations and footnote omitted).  The *Robinson* court further concluded that because petitioner was "seeking federal court review of a state criminal proceeding … before he has exhausted his state court remedies regarding his conviction and sentence," his "habeas petition [was] premature" and "comity and the interest of judicial economy" would be served by affording the state courts the first opportunity to examine the lawfulness of petitioner's detention.  *Id.* at \*2; *see also Lazarus v. Baca*, 2010 WL 1006572, at \*6 (C.D. Cal. Mar. 17, 2010) (dismissing excessive bail claim on habeas review under *Younger*), aff'd, 389 F. App'x 700 (9th Cir. 2010).

      Here, Petitioner's criminal proceedings are still pending in state court.  (*See* Pet. at 2–3).  In December 2022, Petitioner was charged in Los Angeles Superior Court case number LA098360 with assault with a deadly weapon (Cal. Penal Code § 245(a)(1)) and misdemeanor trespassing (Cal. Penal Code § 602(m)) and referred for a mental competency determination pursuant to Penal Code § 1368.[1]  *See* Superior Court of California, County of Los Angeles Criminal Case Summary, available at https://www.lacourt.org/criminalcasesummary/ui/ (last visited Sept. 29, 2023); *see also Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the internet, from petitioner's state court proceedings).  Petitioner's next court date is set for December 1, 2023.

      Accordingly, it appears that Petitioner's claims may be subject to the *Younger* abstention doctrine because his state criminal action is still pending and the other criteria for abstention appear satisfied.  *See Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) (per curiam) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case [is] concluded in the state courts.");

---

[1] "Under California law, if a criminal defendant is found not mentally competent to stand trial following a competency hearing, criminal proceedings are suspended while the defendant is committed to a state hospital for treatment." *Martin*, 2020 WL 2395212, at \*2 (citing Cal. Penal Code §§ 1368, 1372).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-7352 CBM (PVC)                                   Date: October 4, 2023

Title        Heralal Alexander Nandlal v. The State of California, et al.

*accord Vargas v. Luna*, No. CV 22-0385, 2023 WL 349937, at *3 (C.D. Cal. Jan. 19, 2023).  In response to this Order, Petitioner must explain why the elements for *Younger* abstention are not present here or identify any "extraordinary circumstances" that would warrant an exception to *Younger*.

### Exhaustion

Even if Petitioner's claims are not subject to dismissal under *Younger*, it appears that they may be dismissed on the alternate ground that they are unexhausted.  Although habeas petitions challenging pretrial detention under § 2241 are not subject to a statutory exhaustion requirement, principles of federalism and comity require federal courts to abstain from hearing pretrial habeas challenges unless the petitioner has first exhausted available state judicial remedies.  *See Bretz v. United States Dist. Ct.*, No. 1:20-CV-00663, 2020 WL 2512101, at *1 (E.D. Cal. May 15, 2020) (While "there is no exhaustion requirement mandated by statute …, exhaustion is necessary for pre-trial detainees as a matter of comity pursuant to § 2241, unless special circumstances warranting federal intervention prior to a state criminal trial can be found.").  As the Ninth Circuit has explained,

> As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges [under § 2241] to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim.  [¶]  Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials.

*Carden v. State of Mont.*, 626 F.2d 82, 83 (9th Cir. 1980)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-7352 CBM (PVC)                                      Date:  October 4, 2023

Title   Heralal Alexander Nandlal v. The State of California, et al.

To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Accordingly, it appears that Petitioner's claims are subject to dismissal for the independent reason that they are unexhausted.  In response to this Order, Petitioner must explain why his claims are completely exhausted or show why they should be exempt from the exhaustion requirement.

### Conclusion and Order

Because Petitioner's criminal proceedings are still pending in state court and implicate important state interests, and because those proceedings would appear to provide an adequate opportunity for Petitioner to litigate his federal habeas claims, it appears that the instant claims are subject to dismissal pursuant to the *Younger* abstention doctrine.  Furthermore, it appears that all of Petitioner's claims are unexhausted.  Petitioner is therefore **ORDERED TO SHOW CAUSE** (OSC), within **21 days** of the date of this Order, why this action should not be dismissed under *Younger* or, in the alternative, because his claims are unexhausted.  After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  <u>A Notice of Dismissal form is attached for Petitioner's</u>**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-7352 CBM (PVC)                                        Date:  October 4, 2023

Title        Heralal Alexander Nandlal v. The State of California, et al.

**convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |